# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| BRYAN KEITH STANLEY, aka TIM FOWLER | CIVIL ACTION NO. 09-0863 |
| VS. | SECTION P |
| OUACHITA CORRECTIONAL CENTER, ET AL. | CHIEF JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## *REPORT AND RECOMMENDATION*

*Pro se* plaintiff Bryan Keith Stanley, also known as Tim Fowler, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 22, 2009. Plaintiff is detained at the Ouachita Corrections Center (OCC), Monroe, Louisiana awaiting trial on unspecified charges. He complains that he was injured as a result of unsafe conditions at OCC and that thereafter he was denied appropriate medical treatment. He sued OCC Warden Newcomer, Ouachita Parish Sheriff Royce Toney, the "medical supervisors" at OCC, Ouachita Parish Sheriff's Department, the "financial commissioner" of the Ouachita Parish Police Jury, the LSU Medical Center/E.A. Conway Hospital, and Dy. Ricky Martin and other John and Jane Doe defendants employed at OCC praying for compensatory, nominal, and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff was arrested on unspecified charges and booked into the OCC on November 7, 2008. He was assigned to "Open Dorm 201" along with 70 other inmates/detainees. According to plaintiff, the air-conditioning system began "... freezing up and condensating [sic] the floor of 201 causing the event that [OCC] staff knew of but ignored even after dozens of alternative remedy procedures filed by [plaintiff] and other inmates..." According to plaintiff, the wet floor "was frequent but not constant [occurring] all the time at different times."

According to plaintiff, "... the guards were negligent by ignoring an ongoing problem with the 'broke air-conditioner/wet floor...'" and since they knew of the problem before housing plaintiff in the dorm, it amounted to deliberate indifference since they knew of the potential danger but failed to protect plaintiff from the danger.

On December 10, 2008, plaintiff was discovered "... unconscious lying on the wet floor in Dorm 201..." by two fellow inmates.[1] The inmates assisted plaintiff in seeking immediate medical attention. When prison authorities were alerted to plaintiff's condition they arranged to have him transported to the LSU Medical Center/E.A. Conway Hospital in Monroe. An x-ray examination was performed, but according to plaintiff, "... they had no medical personell [sic] able and qualified to read the (neck) x-rays..." and accordingly, "... plaintiff was diagnosed with multiple contusions[2]...and ... was prescribed nothing for his 'severe pain.'" Plaintiff complained

---

[1] According to the Administrative Remedy Procedure Grievance submitted by plaintiff shortly after the accident, the slip and fall occurred "in the shower area." [Exhibit A]

[2] A contusion, also known as a bruise or hematoma, is an area of skin discoloration which occurs when small blood vessels break and leak their contents into the soft tissue beneath the skin. Bruises are often caused by falls and are treated by placing ice on the bruise, keeping the bruised area above the heart if possible, resting the bruised body part, and taking acetaminophen or Tylenol® for the pain. See Medline Plus, a Service of the U.S. National Library of Medicine and the National Institutes of Health, Medical Encyclopedia, at

of pain and was advised to purchase Tylenol® from the OCC commissary.³ Plaintiff was returned to Dorm 201 upon his release from the hospital.

According to plaintiff, he "... was barely able to walk, move his right arm, move his neck and chew his food because of the 'severe' pain in all of these bodily areas, and decreasing vision..." Nevertheless, despite "begging Deputys [sic] and OCC Medical Staff for help, they refused to do anything..." According to plaintiff, the "guards' deliberate indifference amounted to negligence..." Plaintiff's repeated requests to be brought to "another hospital or doctor" were refused.

Sometime, within a month or so of plaintiff's accident, "... the LSU Medical Center x-rays were finally read by a specialist allegedly from Egypt or another country..." and plaintiff was taken back to the hospital, then returned to Dorm 201.⁴

Upon his return, he "... was jumped and beat up by two [Department of Corrections] inmates..." The inmates were charged and convicted of a prison disciplinary rules violation as a result of the incident and plaintiff was moved to Dorm 5.

Thereafter, plaintiff was moved two additional times ultimately being assigned to Pod 9, Dorm 9 where he is "... still under serious medical evaluation where he awaits a doctor

---

http://www.nlm.nih.gov/medlineplus/ency/article/007213.htm

³ See Grievance/Response dated December 12 in which plaintiff complained that he was not receiving pain medication and was advised, "Sir, you were taken to LSU on December 11, 2008 and treated. No medications were ordered. You can write out for OTC (over the counter) Tylenol. You also have an ortho[pedic] appointment coming up." [Exhibit A]

⁴ Plaintiff did not allege that the specialist who examined his x-rays "... 3-4 weeks after injury..." arrived at a different diagnosis than the physicians who examined plaintiff immediately after his accident. Plaintiff, however, was immediately returned to his dorm room at OCC and therefore it is safe to conclude that the specialist concurred in the original diagnosis – namely, that plaintiff suffered from contusions as a result of his unfortunate fall.

3

appointment..." His requests for "emergency help" and "access to an outside doctor" have been refused.[5]

According to plaintiff he continues to suffer and faults LSU Medical Center for failing "... to provide adequate medical diagnosis in the time of medical emergency as in this instant case, the failure to have an examiner available to read a neck injury x-ray which is a most serious concern in every accident..." LSU's failure to provide such an examiner is, according to plaintiff, "negligent" and "deliberate indifference."

Further, according to plaintiff, "Defendants knowledge of the mixture of D.O.C. inmates/convicts with pre-trial detainees, which are deemed innocent until proven guilty ... was negligent and unreasonable and deliberate misconduct..."

Plaintiff asserts that he has suffered mental and emotional injury due to the serious physical injuries he has described. He claims that some of the defendants are liable under the

---

[5] On March 1, 2009, plaintiff submitted an ARP Grievance complaining, "I have requested to go back to Conway to the E.R. because the pain in my neck continues to get worse. Also my lower back. I have also been taken off the only tiny bit of relief that I was given around 3 days ago. I have been requesting medical attention for about 2 weeks. I am in constant pain, can't sleep, and I am not getting any better. As time goes by there needs to be another plan of action rather than leaving me in pain. Please note that all of the medical has been nothing but good to me and I don't want this complaint to reflect any harm toward any of the staff. I only want to get some permanent relief from my pain."

The First Step Response, received on March 4, 2009 stated, "Sir, you have been seen on several occasions by the jail M.D. as well as hospital. You also have the appointment at LSU – EACH (E.A. Conway Hospital) you will been seen per LSU -EACH medical orders." [Exhibit B]

Plaintiff submitted another grievance in May, 2009 stating, "This is the 4th day to ask for med[ical] att[ention] concerning a variety of problems I have stated in each Med. Request that I am in serious pain. When I ask the Nurse at pill call why I have not been taken to the hospital or to see any Doctor she blamed it on the guards in the key so I ask the guard in the key, he told me I wasn't even on the Doctor List, so I need one more time to be taken to the doctor..."

On May 20, 2009, the First Step Response was, "Sir, you have an ortho[pedic] appt. very soon at LSU MC [Medical Center] to eval[uate] your pain. While here at OCC you will be seen and treated at LSU-Monroe, a Charity Hospital that is very busy. Good luck with your treatment." [Exhibit C]

doctrine of *respondeat superior*. He faults Deputy Ricky Martin, the maintenance man, because he was told repeatedly about the problem with the air conditioner and water on the floor but failed to fix the mechanical problems that ultimately led to plaintiff's injury. According to plaintiff, the Warden was also aware but failed to force Dy. Martin to remedy the situation.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but

they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint recites the facts relied upon to support his specific theories of liability. Further amendment of these pleadings would serve no useful purpose since plaintiff has stated his best case with respect to his claims for relief.

Plaintiff complains of three circumstances that arose in conjunction with his detention at OCC. First, he complains that he was exposed to unsafe conditions of confinement; second, he complains that he was denied appropriate medical care for the injury sustained as a result of the complained of conditions; and, third, he complains that the defendants failed to protect him from an assault perpetrated by inmates housed at the facility.

**2. Due Process**

Plaintiff complains that he was exposed to unsafe conditions of confinement – first, the wet floor in the shower area of Dorm 8 and later, when he was the victim of violence at the hands of LDOC inmates who were housed in the same dormitory – and that he received inadequate or inappropriate medical care following his unfortunate fall.

Plaintiff was a pretrial detainee when these claims arose. The constitutional rights of

6

pretrial detainees to safe conditions and adequate medical care arise from the due process guarantees of the Fourteenth Amendment. *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir.2000); *Collins v. Ainsworth*, 382 F.3d 529 (5th Cir. 2004) (The Fourteenth Amendment prohibits the imposition of punitive conditions of confinement on detainees.)

Here, plaintiff complains, not of general conditions of confinement – such as the number of bunks in a cell – but rather of specific "episodic acts or omissions" – a wet floor causing a slip and fall, an incident of violence at the hands of fellow inmates, and the denial of appropriate medical care. Compare *Edwards v. Johnson*, 209 F.3d 772 (5th Cir. 2000). A detainee's rights under such circumstances are violated only if the defendants acted with deliberate indifference to a substantial risk of serious harm which resulted in injury. *Wagner v. Bay City,* 227 F.3d at 324 (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996) *(en banc)*; see also *Edwards v. Johnson*, 209 F.3d 772 (5th Cir. 2000) ("To prove an underlying constitutional violation in an episodic acts case, the detainee must establish that the official acted with subjective deliberate indifference."). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. *Id.* Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.*

Deliberate indifference in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Thus, "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*,

239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

### A. Wet Floor

Plaintiff's factual allegations concerning his alleged "slip and fall" are disingenuous at best. As noted above, in the instant complaint plaintiff alleged that the hazardous conditions of the dorm arose when the air-conditioning system began "... freezing up and condensating [sic] the floor of 201 causing the event that [OCC] staff knew of but ignored even after dozens of alternative remedy procedures filed by [plaintiff] and other inmates..." However, in his ARP grievance filed immediately after the incident, plaintiff made no mention of faulty air conditioning and instead noted that the accident occurred "... in the shower area."

Further, plaintiff alleged that the condition complained of "was frequent but not constant [occurring] all the time at different times." Plaintiff alleged that "... the guards were negligent by ignoring an ongoing problem with the 'broke air-conditioner/wet floor...'" and since they knew of the problem before housing plaintiff in the dorm, it amounted to deliberate indifference since they knew of the potential danger but failed to protect plaintiff from the danger.

Plaintiff apparently slipped and fell in the shower area of his prison dormitory. Such claims typically arise through the negligence of the proprietor or custodian of the premises. Typically, "slip and fall" negligence claims are not cognizable in a federal civil rights action.

8

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, " '[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" *Price v. Roark*, 256 F.3d 364, 370 (5th Cir.2001) (quoting *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir.1983)).

Plaintiff's allegations regarding the water on the floor in the shower area raise nothing more than a negligence claim. See *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir.1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); see also *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *Benton v. Grant*, 31 Fed.Appx. 160 (5th Cir.2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it); *McLaughlin v. Farries*, 122 Fed.Appx. 692 (5th Cir.2004)(unpublished)(inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of his cell, which inmate slipped and fell in, causing injury. Inmate's claim was one of negligence, which was not actionable under Section 1983.). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under § 1983. See *Daniels v. Williams*, 474 U.S. 327 (1986).

Further, plaintiff can demonstrate a due process violation only if he can show that the defendants acted with deliberate indifference to a substantial risk of serious harm that resulted in

9

injury. As shown above, deliberate indifference requires the subjective intent to cause harm. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 649 (5th Cir.1996)(*en banc*). Plaintiff has alleged that the defendants acted with deliberate indifference, but his claim is conclusory at best; he has also alleged that the harm he sustained was the result of the defendants' negligence.

In short, plaintiff's "slip and fall" claim is without a basis in law or fact and subject to dismissal as frivolous.

### B. Failure to Protect/Inmate Violence

Plaintiff contends that the defendants are liable for their failure to protect him from attack at the hands of LDOC convicts who were housed with plaintiff and other pretrial detainees. As noted above, the standard to be applied in analyzing failure to protect cases arising under the Fourteenth Amendment's due process clause is that of "deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir.1996) (*en banc*). In other words, plaintiff's right to protection from violence is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under that standard, a prison official is not liable for failing to protect either an inmate or detainee unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to prevail plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642. The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton"

actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton: "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that defendants were guilty of deliberate indifference with regard to the unanticipated assault. Nothing suggests that these defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Even assuming that these defendants were aware of such facts, nothing suggests that they actually drew such an inference. In short, plaintiff has failed to state a claim of deliberate indifference as to these defendants and his claim must be dismissed as frivolous.

### *C. Medical Care*

Finally, plaintiff's medical care claim must also be evaluated under the deliberate indifference standard discussed above. As shown previously, plaintiff received immediate medical attention once prison officials were made aware of his accident. Plaintiff was taken to a nearby hospital where he was examined by physicians who determined that he had suffered from nothing more serious than contusions. The treatment recommended for plaintiff's condition was

appropriate under the circumstances. (See fn. 2, supra) Plaintiff, however, merely disagrees with the diagnosis and treatment; such disagreement is insufficient to state a claim for deliberate indifference. See *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). Plaintiff's medical care claim is likewise frivolous.

*4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 28, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE